UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DANI RAY MALM,

        Petitioner,               Case No. 2:22-cv-169

v.                                          Hon. Hala Y. Jarbou

MICHAEL BROWN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is presently before the Court on Respondent's motion to stay proceedings (ECF No. 10).

Petitioner presented this case to the Court in an unusual procedural posture. Intervening events have complicated matters further. Just a couple of weeks ago the Michigan Court of Appeals vacated the judgment that Petitioner is challenging as unconstitutional.[1] As a result, Petitioner is presently not "in custody pursuant to the judgment of a state court"—a prerequisite to any relief under 28 U.S.C. § 2254. Moreover, the petition does not present the sort of claim that would permit this Court to proceed, before the state court judgment is entered, under 28 U.S.C. § 2241. Thus, Petitioner presently has no right to relief under the habeas statutes and the appropriate resolution appears to be dismissal without prejudice rather than a stay.

The state appellate court has remanded the matter back to the trial court for resentencing. Respondent seeks a stay to permit those sentencing issues to play out fully in the state courts.

---

[1] Petitioner has also brought the state court of appeals' decision to the attention of the Court and asked the Court to "update [his] case file" accordingly. (ECF No. 11.)

Respondent suggests that such a stay is proper because the petition is akin to a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509, 510 (1982). But the stay-and-abey remedy is premised upon statute of limitation considerations that are not at issue in Petitioner's case. The Court concludes, therefore, that a stay to permit exhaustion of unexhausted claims in a mixed petition is not appropriate here.

Respondent alternatively contends that absent a stay there is a risk that Petitioner's habeas issues will be presented piecemeal—a result that is disfavored. *See Swanson v. DeSantis*, 606 F.3d 829, 833 (6th Cir. 2010). Although piecemeal presentation of habeas claims is disfavored, there are circumstances where the habeas statutes appear to permit such a piecemeal presentation. For example, piecemeal presentation is allowed after a habeas petition has been denied on the merits if the petitioner obtains from the appropriate federal court of appeals authorization to file a second habeas petition. 28 U.S.C. § 2244(b)(3)(A).

With respect to Petitioner's case, after the trial court has resentenced Petitioner and entered judgment, and Petitioner's present request for habeas relief is, by virtue of the judgment, once again ripe for decision, Petitioner could, theoretically, make the choice to proceed in that piecemeal fashion. That path carries a risk that Petitioner may never be permitted to raise in the federal courts any claims challenging his sentence as unconstitutional.[2]

This Court is authorized to review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the

---

[2] As explained fully below, Petitioner's claims that his *conviction* is unconstitutional will be ripe upon entry of the new judgment in the state court. His claims, if any, that his *new sentence* is unconstitutional will not be ripe for habeas consideration until after he exhausts his state court remedies by fairly presenting those claims to all levels of the state court system.

2

petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). In light of the changed circumstances—i.e., the state appellate court's vacation of the judgment that Petitioner challenges—it is clear that Petitioner is not entitled to relief in this Court. Accordingly, the Court will deny Respondent's motion for stay and dismiss the petition without prejudice because the habeas statutes do not permit the Court any basis to grant relief given the current procedural posture of Petitioner's case in the state courts.

**I.      Factual background**

Petitioner Dani Ray Malm is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. On July 25, 2012, following a three-day jury trial in the Leelanau County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC-I) in violation of Mich. Comp. Laws § 750.520b. On August 27, 2012, the court sentenced Petitioner to concurrent prison terms of 18 to 40 years for each conviction. Petitioner was resentenced on May 3, 2021, to concurrent prison terms of 22 to 40 years on each count.

Petitioner sexually abused his daughter for a number of years. He was convicted of three instances of penetration that occurred while she was between the ages of 13 and 16 years. Petitioner raised several issues on direct appeal, some by way of the brief filed with the assistance of counsel, others by way of a *pro per* supplemental brief. The issues he raises in his habeas petition were first raised in the Michigan appellate courts by way of Petitioner's *pro per* supplemental brief on direct appeal.

The Michigan Court of Appeals rejected all but one of Petitioner's appeal grounds in an opinion issued April 1, 2014. *People v. Malm*, No. 312486, 2014 WL 1320237 (Mich. Ct. App. Apr. 1, 2014). The appellate court vacated the trial court's order directing the Michigan

Department of Corrections to remit funds from Petitioner's account for attorney fees because the trial court had specifically declined to impose an attorney cost award against Petitioner. The subsequent order directing payment of such fees was simply in error.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. That court held the application in abeyance for an extended period pending the supreme court's decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). After the *Lockridge* opinion was issued, the supreme court remanded the case to the trial court for a determination of whether the court would have imposed the same sentence without the then-mandatory restraints of the Michigan sentencing guidelines. If so, the trial court could simply affirm the existing sentence. If not, the trial court would have to resentence Petitioner. In all other respects, the Michigan Supreme Court denied leave to appeal. *People v. Malm*, 870 N.W.2d 705 (Mich. 2015).

Review of the trial court's publicly available docket suggests that the trial court did not pursue either option. There is no record of any action by the trial court until Petitioner, with the assistance of counsel, filed a motion for relief from judgment 18 months after the Michigan Supreme Court's remand order. The issues raised in that motion are not at issue in this proceeding. The trial court promptly denied the motion. Petitioner's description of the events suggests his attorney committed malpractice in the pursuit of the motion and subsequent refusal to appeal the denial of the motion. The trial court denied the motion on May 19, 2017. *People v. Malm*, No. 2012001770FC (Leelenau Cnty. Cir. Ct., May 19, 2017), (ECF No 2-6, PageID.334–336). Because counsel abandoned Petitioner, he never appealed the denial.

More than three years later, Petitioner filed a successive motion for relief from judgment. In the successive motion, Petitioner pointed out that the trial court had never followed through on the *Lockridge* remand. There appears to have been some reason for the lack of follow-through.

Petitioner reports that, by letter dated September 28, 2015, he told the trial court that "he would like to decline resentencing at that time" in favor of proceeding "with a petition for Habeas Corpus." (Pet'r's 2d Mot. for Relief from J., ECF No. 2-7, PageID.421.) Petitioner changed his mind, as purportedly reflected in a July 25, 2018, letter to the trial court. (*Id*., PageID.422.) The trial court denied relief on the second motion for relief from judgment by order entered August 28, 2020. *People v. Malm*, No. 2012001770FC (Leelanau Cnty. Cir. Ct. Aug. 28, 2020) (ECF No. 2-7, PageID.367–368.).

Petitioner filed an application for leave to appeal the denial in the Michigan Court of Appeals. By order entered January 29, 2021, the court of appeals denied leave except the court remanded to the trial court to address "either in writing or on the record, defendant's assertion that the circuit court failed to comply with [the] Supreme Court's 2015 remand order . . . ." *People v. Malm*, No. 354835 (Mich. Ct. App., Jan. 29, 2021), (ECF No. 2-7, PageID.369).[3] On May 3, 2021, on remand, the trial court obliged to a certain extent. The court resentenced Petitioner to a longer sentence.

Understandably dissatisfied with his new longer sentence, on June 14, 2021, Petitioner, by right, filed a claim of appeal in the Michigan Court of Appeals. *See* https://www.courts.michigan.gov/c/courts/coa/case/357503 (last visited Mar. 3, 2023). That was the posture of the state court proceedings when the instant petition was filed on August 24, 2022— Petitioner's appeal as of right was fully briefed and awaiting oral argument and decision by the Michigan Court of Appeals.

In Petitioner's habeas petition, he raised four grounds for relief, as follows:

---

[3] While the sentencing remand was proceeding, on April 9, 2021, Petitioner also filed an application for leave to appeal the court of appeals order. The supreme court denied leave to appeal by order entered September 8, 2021. *People v. Malm*, 963 N.W.2d 357 (Mich. 2021).

    I.      Mr. Malm was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution when trial counsel failed to produce evidence to impeach witnesses with prior inconsistent statements.

    II.     Mr. Malm was denied the right to confront witnesses under the Sixth Amendment and due process of law under the Fourteenth Amendment to the United States Constitution when the prosecutor breached an authorized pretrial agreement.

    III.    Mr. Malm was denied the right to effective assistance of trial counsel under the Sixth Amendment to the United States Constitution when counsel failed to protect Mr. Malm's Sixth Amendment right to confront witnesses and where counsel failed to object to the introduction of Dr. Smith's report.

    IV.    Mr. Malm was denied the right to effective assistance of appellate counsel under the Sixth Amendment and the right to a full and fair appeal of right under the Fourteenth Amendment to the United States Constitution where [his] counsel omitted significant and obvious issues that were clearly stronger than the issues counsel presented.

(Pet., ECF No. 1, PageID.17–20.) By order entered September 7, 2022, the Court directed Respondent to file an answer to the petition.

On February 16, 2023, the Michigan Court of Appeals vacated Petitioner's judgment of sentence, remanding his case to the trial court for resentencing by a new judge. Following issuance of that opinion, Respondent filed the motion for stay and Petitioner asked the Court to include the new opinion as part of his habeas case.

**II.    Exhaustion**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his

6

federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). At least for purposes of initial screening, Petitioner satisfied that burden. He alleged that his four habeas grounds were raised on his initial direct appeal in the Michigan Court of Appeals and in the Michigan Supreme Court.

Importantly, upon completion of Petitioner's direct appeal in 2015, with regard to those four habeas grounds, no state court remedy remained. Although Petitioner is free to raise any issue—whether it is a challenge to his conviction or to his new sentence—in this Court, he was and is not free to raise challenges to his conviction in the Michigan Court of Appeals or the Michigan Supreme Court on any appeal after the *Lockridge* remand or his first resentencing (or his upcoming second resentencing). In such appeals, he would be limited to issues relating to the sentencing remand or resentencing. *People v. Jones*, 231 N.W.2d 649 (Mich. 1975).

Thus, when the petition was filed, even though Petitioner continued to seek relief with regard to his sentence in the Michigan appellate courts, the habeas grounds challenging his conviction—the only habeas grounds Petitioner raised in this Court—had already been raised and fairly presented to all levels of the Michigan court system. Therefore, the Court concludes that Petitioner has exhausted his state remedies with regard to his present habeas grounds

### III. Stay and Abeyance Remedy

Respondent asks the Court to stay these proceedings to permit Petitioner to exhaust his state court remedies with respect to the sentencing issues that may or may not exist after the state

court resentences Petitioner as directed by the Michigan Court of Appeals. Respondent offers a couple of justifications for that relief: first, Respondent contends that the petition is akin to a "mixed petition" where a stay might be the only way to protect Petitioner's rights; and second, Respondent argues that unless the Court stays these proceedings, there is a risk that Petitioner's challenges to his conviction—the focus of the present petition—and his anticipated challenges to his sentence will be litigated piecemeal.

Respondent acknowledges that the stay remedy is appropriate where the petition is "mixed." A "mixed" petition includes exhausted and unexhausted claims. Respondent also acknowledges that the petition now before the Court is not "mixed." All of Petitioner's habeas grounds are exhausted. Indeed, the reasons underlying the stay remedy are simply not applicable to the present petition.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

8

exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner does not face the statute of limitations consequences that the stay-and-abeyance remedy is designed to remedy. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment has not become final in the sense that direct review has been concluded nor has it become final by the expiration of time for seeking such review.[4] Accordingly, the statute of limitations has not yet begun to run and it likely will not begin to run for many months. When it starts Petitioner will have an entire year to bring his petition.

The *Palmer* court was not concerned with prisoners in Petitioner's position. Instead, the *Palmer* court was addressing the predicament of petitioners whose statute was already running and had almost expired. So long as the petitioner had at least 60 days left—30 days to file a motion for relief from judgment and 30 days to return to the district court after the motion had worked its way through all levels of state court appeal[5]—a stay was unnecessary. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). For that reason, the stay-and-abey remedy—at least as contemplated by *Palmer* and *Rhines*—is not warranted.

---

[4] Indeed, at the moment, Petitioner is not in custody pursuant to the judgment of a state court. That raises a different question with regard to when a judgment is final. That question is considered below.

[5] While the motion for relief from judgment was pending, the running of the limitations period would be tolled by statute. 28 U.S.C. § 2244(d)(2).

### IV.     Piecemeal Litigation

Respondent identifies another reason that supports staying these proceedings, a reason that is independent of the stay-and-abey remedy of *Palmer* and *Rhines*: the general policy against piecemeal litigation. The federal courts have recognized that such a policy animates many of the AEDPA procedural requirements. By way of example, "[t]he point of the total-exhaustion rule is to prevent piecemeal litigation in the district court over habeas petitions," *Swanson*, 606 F.3d at 833, and "[t]he point of § 2244(b)'s [second and successive petition] restrictions . . . is to 'reduc[e] piecemeal litigation,'" *Banister v. Davis*, 140 S. Ct. 1698, 1706 (2020). But if the claims raised in a habeas petition are totally exhausted and are not second or successive and fall within the jurisdiction of the Court, it seems the policy against piecemeal litigation has been given exactly the effect that Congress intended. Accordingly, the Court is disinclined to stay this matter for the purpose of avoiding the prospect of piecemeal habeas litigation.

### V.     Final Judgment

As noted above, the period of limitation does not begin to run until "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment Petitioner is attacking is not "final" in that sense. In fact, the judgment Petitioner purports to attack is not final in any sense.

Finality as contemplated by 28 U.S.C. § 2244(d)(1)(A) means that direct review is complete. But the Supreme Court has identified another sense in which a judgment can be final: "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 211 (1937)) (internal quotation marks omitted). In that sense the judgment is "final" because it closes out the criminal proceeding in the trial court. *Flanagan v. United States*, 465 U.S. 259, 263 (1984) citing *Berman*, 302 U.S. at 212) ("This final judgment rule . . . prohibits appellate review until conviction

and imposition of sentence."). That type of finality is necessary for this Court to have jurisdiction of the petition under 28 U.S.C. § 2254(a) (stating "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court . . ."). A prisoner can be "'in custody pursuant to the judgment of a State court' even if . . . the . . . judgment is not final for purposes of triggering the AEDPA's statute of limitations." *Burton*, 549 U.S. at 157. That is why this Court had jurisdiction to consider the initial petition when Petitioner filed it: he was in custody pursuant to the judgment of the Leelanau County Circuit Court even though that judgment was not final such that it triggered the running of the statute of limitations.

But the judgment upon which Petitioner's request for relief under § 2254 was based is no more. The Michigan Court of Appeals vacated it and remanded the matter to the trial court for resentencing by a different judge. Petitioner is presently in custody pursuant to a conviction, but not a judgment, of a state court.

That circumstance calls into question this Court's jurisdiction under 28 U.S.C. § 2254. *In re Campbell*, 874 F.3d 454, 462 (6th Cir. 2017) (stating that "[a] § 2254 habeas court only has jurisdiction to act in favor of 'a person *in custody* pursuant to the *judgment* of a state court'" (emphasis in original)). As the Sixth Circuit explained in *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323 (6th Cir. 2014):

> To return to first principles: Gillispie filed his habeas petition under 28 U.S.C. § 2254, which grants jurisdiction to federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "For federal habeas jurisdiction to exist under § 2254, therefore, a state prisoner must be held pursuant to a judgment—rather than, say, an indictment or criminal information." *Eddleman*, 586 F.3d at 413. Thus, "once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254." *Id*. Here, Gillispie's criminal judgment was gone by November 7, 2012—when the Ohio Supreme Court denied review of the courts of appeals' decision that expressly vacated that

11

>judgment—which means that, per the plain terms of *Eddleman*, the district court's jurisdiction over Gillispie's case was gone by then too.

*Gillispie*, 771 F.3d at 328; *see also Davis v. Warren*, No. 18-1768, 2019 WL 3035577, at *2 (6th Cir. Feb. 19, 2019) (stating that "[b]ecause Davis filed his § 2254 petition while his appeal was still pending and before the state trial court reimposed a sentence on remand, his state judgment had not become final, and his habeas petition was therefore not ripe for review").

The Court no longer has jurisdiction to grant Petitioner relief under § 2254. But the lack of a "final" judgment does not eliminate the Court's jurisdiction to consider a petition for habeas relief under 28 U.S.C. § 2241.

## VI.     Habeas Relief Under § 2241

If a person is detained by the state, but the detention is not pursuant to a judgment of the state court, he may still challenge the constitutionality of that detention, but he must do so under 28 U.S.C. § 2241(c)(3). *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).[6] A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton*

---

[6] *Atkins*—and the cases cited therein—sometimes use the terms pre-trial and post-trial, but the language of the statute and the reasoning employed by the courts suggest the line would be more appropriately characterized as falling between pre-judgment and post-judgment.

*Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

In Petitioner's case, however, he has already exhausted his state court remedies with respect to his habeas issues. Moreover, the continuing state court proceedings do not offer a remedy for the constitutional challenges to his conviction that Petitioner has already raised and every level of the state court system has already rejected. All of the reasons that augur against considering a prejudgment habeas petition seem to fall away where there is no prospect for relief in the continuing state court proceedings.[7]

Typically, prejudgment § 2241 petitions are precluded by the petitioner's failure to first exhaust his state court remedies. The failure to exhaust poses no barrier here. But that does not mean that a prejudgment § 2241 petition is appropriate.

---

[7] The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44–55 (1971), is based on the same considerations that lie at the foundation of the *Atkins* decision. It is not surprising, therefore, that applying the *Younger* abstention doctrine to Petitioner's case yields the same result.

Under *Younger*, generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The first two *Younger* abstention requirements are satisfied here; but the third is not. The ongoing state proceedings afford Petitioner an adequate opportunity to raise his sentencing challenges, but not the challenges to the constitutionality of his conviction.

The Sixth Circuit has approved consideration of a prejudgment § 2241 petition in only three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding his detention do not fall within any of these exceptional circumstances. Therefore, prejudgment relief under § 2241 is not available to Petitioner.

## VII. Dismissal Without Prejudice

A stay is not appropriate, but neither is simply maintaining the status quo. Petitioner presently has no viable basis for federal habeas relief. Accordingly, the Court will dismiss Petitioner's claims under Rule 4, Rules Governing § 2254 Cases and 28 U.S.C. § 2243.

Certainly, Petitioner will be resentenced and, once that judgment is entered, this Court will have jurisdiction to consider his petition under § 2254. If Petitioner chose to then reinitiate his quest for habeas relief by filing a new habeas case, he could raise his present challenges to the conviction because those claims are already exhausted. He could not, however, raise any constitutional challenges to his new sentence because those claims would have never been fairly presented to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner would have to choose whether to proceed immediately and then, if he wanted to later pursue constitutional challenges to his new sentence, he might have to first seek authorization from the Sixth Circuit Court of Appeals. Or Petitioner could play it safe and wait until all of his claims were exhausted and then file one petition raising all of them. No matter which option Petitioner chose, his statute of limitations would not run at all until his direct appeal of the new judgment was complete or the time to pursue it had expired. *See, e.g., Freeman v. Wainwright*,

959 F.3d 226, 229 (6th Cir. 2020) (stating "[w]hen courts engage in a full resentencing, the resulting sentence is a new 'judgment' that restarts § 2244(d)(1)'s timeclock. . . . [w]hich means the petition can challenge both his new sentence and his underlying conviction." (citations omitted)).

## VIII. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Considering the dismissal of the petition under § 2241, which is a resolution on the merits, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability for the issues resolved on the merits. The circumstances permitting prejudgment relief under § 2241 are very limited and Petitioner's habeas issues do not fall within the limited scope or permissible grounds for prejudgment relief. The Court finds that reasonable jurists could

15

not conclude that this court's dismissal of Petitioner's claims under § 2241 was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability with regard to those claims.

The Court resolved Petitioner's claims under § 2254 on the procedural ground that the Court lacks jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The Court finds that reasonable jurists could not debate that this court correctly dismissed those claims for lack of jurisdiction; therefore, the Court denies Petitioner a certificate of appealability with respect to Petitioner's procedurally dismissed issues as well.

## Conclusion

The Court will enter an order and judgment dismissing the petition without prejudice, denying a certificate of appealability, and denying Respondent's motion for a stay (ECF No. 10).

Dated: March 14, 2023           /s/ Hala Y. Jarbou
                                HALA Y. JARBOU
                                CHIEF UNITED STATES DISTRICT JUDGE